# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| TRESSA R. GLOVER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:08-2254-JFA -JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| UNIVERSITY MOTOR ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

*Pro se* Plaintiff, Tressa R. Glover ("Glover"), filed her complaint in this Court on June 18, 2008. She alleges that University Motor Company, Inc. ("UMC"), violated the federal Fair Debt Collection Practices Act ("FDCPA") in connection with the repossession of two automobiles she purchased from, and financed through, UMC. On August 14, 2008, the Honorable Bristow Marchant, United States Magistrate Judge, to whom this case was originally assigned, recommended that the case be dismissed without prejudice because Glover had failed to bring the case into proper form in compliance with his order issued June 23, 2008. Glover filed an objection and the case was remanded to Magistrate Judge Marchant.

The case was reassigned to the Honorable Paige J. Gossett, United States Magistrate Judge, on October 27, 2008. She issued an order authorizing service on March 27, 2009. On April 23, 2009, UMC filed a "Motion for Dismissal, or in the Alternative, for Partial Summary Judgment ." Because Glover is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on April 24, 2009. Glover did respond to the motion. Judge Gossett then

1

issued an order allowing Glover 15 days to notify the Court should she wish to proceed with this action. Glover was specifically warned that if she failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P. She has not responded.

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, Glover is proceeding *pro se,* so she is entirely responsible for her actions. It is solely through Glover's neglect, and not that of an attorney, that no responses has been filed. Glover has not responded to Defendant's motion to dismiss or the court's orders requiring her to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed with prejudice pursuant to 41(b), Fed. R. Civ. P.

Alternatively, the undersigned recommends that UMC's motion to dismiss be granted on the merits. The record before this Court, especially including documents attached to the complaint establish the following:

1. UMC is a South Carolina Corporation which sells and finances the sale of used motor vehicles. (Wactor Aff.)

2. On August 18, 2001, Glover purchased a 2001 Chevrolet Tahoe from UMC. She executed a "Purchase Money Security Agreement" in the principal amount of $12,334 in favor of UMC which granted UMC a secured interest in the vehicle. (Wactor Aff. Ex. A).

3. On August 22, 2001, Glover and Avian R. Parker purchased a 2001 Volkswagen Passat from UMC. They executed a "Purchase Money Security Agreement" in the principal amount of $8,824 in favor of UMC which granted UMC a secured interest in the vehicle.

4. On February 21, 2008, Glover filed a Chapter 13 Voluntary Petition for bankruptcy (08-01058-JW) in the United States Bankruptcy Court for the District of South Carolina.

5. The bankruptcy court docket shows that UMC participated in the case indicating that UMC was listed as a creditor by Glover.

6. According to Glover her bankruptcy case "was dismissed on the afternoon of April 28, 2008. However, the Bankruptcy Court docket shows that the Trustee's motion to dismiss the case was granted on April 25, 2008.

7. Glover asserts that UMC "stole" the Volkswagen on April 29, 2008, and the Chevrolet on May 9, 2008. (*See* letter of Glover to Clint Wactor attached to the Complaint).

**Discussion**

Glover essentially argues that UMC violated the FDCPA by repossessing the motor vehicles (i.e., committing "grand larceny of two automobiles purchased by Plaintiff at different times.") The undersigned concludes that Glover's claim must fail because UMC is not subject to FDCPA with respect to these transactions.

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirshon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130 (1993), *cert. denied*, 510 U.S. 1197 (1994); *see also* Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), *cert. denied*,___ U.S. ___, 115 S.Ct. 1956 (1995). A *pro se* complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines, *supra*. *See* Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), *cert. denied*, 441 U.S. 913 (1979). When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, the defendants are entitled to have their motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against

debt collection abuses." 15 U.S.C. § 1692(e) (emphasis added). The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality or interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

The FDCPA applies only to "debt collectors" as that term is defined in the statute, and creditors, mortgagors, and mortgage servicing companies are not debt collectors under the FDCPA and are therefore exempt from liability under the FDCPA. *See* Scott v. Wells Fargo Home Mortgage. Inc., 326 F.Supp.2d 719, 717-718 (E.D.Va.2003) (Creditors, mortgagors, and mortgage servicing companies are not debt collectors and are exempt from liability under the FDCPA); Davis v. Dillard Nat'l Bank, No. 02-546, 2003 WL 21297331, at * 4 (M.D.N.C. June 4, 2003) ("Crediting institutions, such as banks, are not debt collectors under [the FDCPA] because they collect their own debts and are in the business of lending money to consumers").

UMC also points out that Glover does not allege, nor is there any evidence to show, that it regularly collects debts or attempts to collect debts owed to other parties. *See* 15 U.S.C. § 1692a(6) (FDCPA only applies to those who "regularly collect or attempt to collect debts owed or are due or asserted to be owed or due another"). The FDCPA does apply to creditors who, in the process of collecting their own debts, use other names that would indicate that a third person is collecting or attempting to collect the debts; *see* 15 U.S.C. § 1692a(6). Glover does not allege that UMC is attempting to collect a debt from her using names that would indicate that a third person was collecting or attempting to collect her debt.

## Conclusion

It is, therefore, recommended that this action be **dismissed** with prejudice pursuant to Rule

5

41(b).  Alternatively, it is recommended that Defendant's motion to dismiss be **granted**.

                                                                                            Joseph R. McCrorey
                                                                                            United States Magistrate Judge

Columbia, South Carolina

December 22, 2009

                            **The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).